UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ALEXANDER BAXTER,

Petitioner,

Case No. 2:25-cv-10336

v.

Honorable Susan K. DeClercq
United States District Judge

ERIC RARDIN,

Respondent.
______________________________________/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a pro se habeas case brought pursuant to 28 U.S.C. § 2241. Federal prisoner Michael Alexander Baxter, who was confined at the Federal Correctional Institution in Milan, Michigan when he instituted this case and is now under the supervision of the Residential Reentry Management Field Office in Minneapolis, Minnesota, challenges the calculation of his sentence. Specifically, he claims that the Bureau of Prisons ("BOP") is improperly denying him a sentence reduction for his successful completion of the Residential Drug Abuse Program ("RDAP").

I.

Petitioner pleaded guilty to one count of possession with intent to distribute heroin in violation of 21 U.S.C. § 841 in exchange for the dismissal of other charges, and was sentenced to 80 months in prison with four years of supervised release in the United States District Court for the District of North Dakota in March 2024. ECF

Nos. 1 at PageID.14; 8-2 at PageID.68, 70. His sentence included a two-point enhancement for possession of a firearm under United States Sentencing Guideline § 2D1.1(b)(1). ECF No, 8 at PageID.49. He has a current projected release date of September 2, 2027. *See* Inmate Profile, https://www.bop.gov/inmateloc/.

In August 2024, the BOP, through its Designation and Sentence Computation Center ("DSCC"), reviewed Baxter's eligibility to receive a sentencing reduction (of up to one year) for his RDAP participation. ECF No. 8, PageID.50–51. The BOP found him ineligible for a custodial sentencing reduction because his conviction: (1) "involved the carrying, possession, or use of a firearm"; and (2) "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another *Id*. (citations to exhibits omitted).

Baxter indicated that he attempted to file an informal remedy request (BP-8) with prison unit counselors in December 2024, but they did not have a copy of his request, and he was told to refile. ECF No. 1 at PageID.1. He apparently did not do so, nor did he pursue any additional administrative remedies. *See id*.; ECF No. 8 at PageID.51(citing exhibits). Rather, he filed the instant habeas petition and asks this Court to waive the exhaustion requirement. ECF No. 1 at PageID.1.

Baxter alleges that the BOP is improperly denying him a sentence reduction, arguing that the BOP is misinterpreting 18 U.S.C. § 3621(e) and 28 C.F.R

§ 550.55(b). ECF No. 1 at PageID.1–2. Respondent argues that the habeas petition should be dismissed on exhaustion grounds and/or denied on the merits. ECF No. 8.

II.

It is well-settled that federal prisoners must exhaust administrative remedies prior to filing a habeas petition under § 2241. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). Exhaustion gives an agency the opportunity to correct its own mistakes, discourages disregard of agency procedures, promotes efficiency because claims can generally be resolved more quickly and economically before an agency, and may produce a useful record for subsequent judicial consideration. *Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

The BOP has a multi-tiered administrative grievance process that is available to inmates confined in institutions operated by the BOP for "review of an issue relating to any aspect of his[] own confinement." 28 C.F.R. § 542.10(a). An inmate must first attempt to informally resolve the issue with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate can file an Administrative Remedy Request (BP-9) with the warden (or appropriate institutional head), who has 20 days to respond. 28 C.F.R. §§ 542.14(a), 542.18. If the inmate is not satisfied with that response, the inmate can file an appeal (BP-10) with the Regional Director, who has 30 days to respond. 28 C.F.R. §§ 542.15, 542.18. If the inmate is not satisfied with the Regional Director's response, the inmate can file a

final appeal (BP-11) with the General Counsel at the Central Office, who has 40 days to respond. 28 C.F.R. §§ 542.15, 542.18. If a response is not received within the allotted time, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

The record indicates that Baxter made an informal attempt to obtain relief on his claim, but has not invoked the formal administrative process so as to fully exhaust his available administrative remedies. *See* ECF No. 1 at PageID.1. Baxter acknowledges that he has not exhausted those remedies, but seeks to waive that requirement by: (1) referencing his failed informal remedy attempt and (2) alleging that exhaustion would be futile, citing the United States Supreme Court's decision in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024). *Id.*

The failure to exhaust administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he [or she] seeks." *Fazzini v. Ne Ohio Corr. Ctr.*, 473 F.3d 229, 236 (6th Cir. 2006). Baxter, however, has not shown that exhaustion would be futile. First, his unsuccessful informal remedy attempt does not exempt him from pursuing formal remedies. He cannot abandon the process. Rather, he must complete the established administrative steps, or at least attempt to do so, before seeking habeas relief under § 2241.

Second, the Supreme Court's decision in *Loper Bright* does not affect the exhaustion of remedies. *Loper Bright* overruled *Chevron v. National Resources Defense Council, Inc.*, 467 U.S. 837 (1984), which held that a federal agency's interpretation of a federal statute is ordinarily entitled to deference, and ruled that judges cannot "defer" to an agency's interpretation of unclear statute, but must instead arrive at their own "independent judgment" about what the statute means while noting that a federal agency's interpretation of a statute within its area of expertise remains relevant. *Loper Bright*, 603 U.S. at 400–413. Baxter fails to explain how or why *Loper Bright* would make his exhaustion of administrative remedies futile. While the BOP may continue to deny him a sentencing reduction, that does not render exhaustion futile. As the Sixth Circuit has recently explained in discussing whether exhaustion would be futile, "the crucial inquiry [is] whether the agency can provide the relief requested if the argument succeeds, not whether it is likely to succeed." *Smith v. United States Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026). The BOP has discretion to grant Baxter the sentence reduction that he seeks should it decide to do so.

Baxter has not shown that exhaustion would be futile or that it should otherwise be excused. His petition is therefore premature and must be dismissed.

III.

For the reasons stated, this Court concludes that Baxter has not exhausted his administrative remedies before instituting this action. Accordingly, this Court **DISMISSES WITHOUT PREJUDICE** the habeas petition. This Court makes no determination as to the merits of the petition.

Lastly, this Court notes that a certificate of appealability is not needed to appeal the dismissal of § 2241 habeas petition. *Witham v. United States*, 355 F.3d 501, 504 (6th Cir. 2004). Baxter thus need not request one from this Court or the Sixth Circuit should he seek to appeal. This case is closed.

**IT IS SO ORDERED.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: October 29, 2026